UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

             Plaintiff,                 **MEMORANDUM OPINION AND ORDER**
v.                 Criminal No. 09-23 ADM/JJG

Reginald Scott Hubbard,

             Defendant.

_____

Benjamin F. Langner, Esq., United States Attorneys' Office, Minneapolis, MN, for Plaintiff.

Reginald Scott Hubbard, pro se.
_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for consideration of Defendant Reginald Scott Hubbard's Motion for Rule 35(A) Advanced Query Correction or Modification of Sentence Because of Medical Reasons, Rule 36(A) [Docket No. 111] ("Def.'s Mot."). For the reasons set forth herein, Defendant's motion is denied.

## II. BACKGROUND

On May 6, 2009, a jury found Hubbard guilty of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2). [Docket Nos. 1, 73]. On October 26, 2009, Hubbard, through counsel, filed a memorandum regarding his position with respect to sentencing factors [Docket No. 86]. Hubbard did not raise the issue of his mental health.

On November 20, 2009, Judge James Rosenbaum presided at Hubbard's sentencing hearing. During the hearing, neither Hubbard nor his counsel raised the issue of Hubbard's

mental health.[1]  See Sentencing Hr'g Tr. [Docket No. 97] ("Sentencing Tr."). Judge Rosenbaum found Hubbard "not credible under oath." Id. at 3. The court further observed that Hubbard had demonstrated a willingness to fabricate stories in an attempt to avoid conviction. Id. at 6. Hubbard was sentenced to 96 months of incarceration. Id. at 17.

Hubbard subsequently appealed his conviction and sentence to the Eighth Circuit, arguing he was denied effective assistance of counsel and that the district court abused its discretion by imposing a substantively unreasonable sentence. United States v. Hubbard, 638 F.3d 866 (8th Cir. 2011). Hubbard, represented by counsel, did not raise the issue of his mental health on appeal. See id. On April 20, 2011, the Eighth Circuit affirmed the conviction and sentence. Id.

On August 31, 2012, Hubbard filed a letter with Judge Rosenbaum asking for a reduction in sentence because of mental health problems [Docket No. 109]. Due to Judge Rosenbaum's retirement, Hubbard's case was reassigned to this Court. On September 18, 2012, the Court wrote Hubbard to inform him that he should make his request for a reduction in sentence by motion, preferably after consulting counsel [Docket No. 110]. On October 23, 2012, Hubbard filed the present motion requesting a reduction in sentence. In it, Hubbard claims that he was diagnosed with bipolar disorder and paranoid schizophrenia before his sentencing, and that he did not realize the "full extent" of his mental health problems. Def.'s Mot. at 2. It appears that

---

[1]  At the end of his sentencing hearing, Hubbard confirmed his attorney's request that he serve his sentence at the penitentiary in Rochester, Minnesota. Hubbard said, "Yes, Rochester. They got a medical there." Sentencing Tr. 18. Nothing about this single statement indicates Hubbard felt he was incompetent to stand trial, or that he deserved leniency in sentencing due to mental illness. Given Judge Rosenbaum's doubts about Hubbard's credibility, the statement deserves little weight.

2

in the alternative, Hubbard requests the appointment of counsel to pursue relief.  Id.

### III.  DISCUSSION

**A.  Modification Of Sentence**

Hubbard's pro se motion must be construed liberally.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976); See also Castro v. United States, 540 U.S. 375, 381 (2003) ("Federal courts sometimes will ignore the legal label that a pro se litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category.").  When construed liberally, Hubbard's request for a reduction in sentence could arise under three statutes.  Each is addressed in turn below.

**1.  18 U.S.C. § 3582(c) and Fed. R. Crim. P. 35**

Hubbard cites "Rule 35(A)" in the title of his motion for the "correction or modification" of his sentence.  This citation is construed as referring to Rule 35 of the Federal Rules of Criminal Procedure.  Rule 35 may in turn implicate 18 U.S.C. § 3582(c), which provides for the modification of an imposed sentence in certain circumstances.  In this case, however, neither § 3582(c) nor Rule 35 provide any basis for a reduction in sentence.

Section 3582(c)(1)(A) states that the court, upon a motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment if it finds: (i) "extraordinary and compelling reasons warrant such a reduction"; or (ii) the defendant is at least 70 years of age  has served at least 30 years in prison, and is determined not to be a danger to any person or the community.  Because the Director of the Bureau of Prisons did not bring the present motion, no reduction in sentence can be granted under this subsection.

Section 3582(c)(1)(B) states that the court may modify an imposed sentence to the extent

expressly permitted by Rule 35 of the Federal Rules of Criminal Procedure. Rule 35 states that the court may: (A) correct a sentence for an arithmetical, technical, or other clear error within 14 days of sentencing; or (B) reduce a sentence upon a motion by the Government, if the defendant has provided "substantial assistance" in the investigation or prosecution of another person. Here, Hubbard does not seek a reduction in sentence due to a miscalculation error, and the request is untimely. Further, no issue has been raised in this case about substantial assistance to the Government.

Section 3582(c)(2) states the court may reduce a term of imprisonment if the defendant was sentenced based on a "sentencing range that has subsequently been lowered by the Sentencing Commission . . . ." Hubbard does not cite any change in the sentencing guidelines that might warrant a reduction in sentence, and the Court is not aware of any such change.

Because none of the provisions of 18 U.S.C. § 3582(c) or Rule 35 apply in this case, Hubbard is not entitled to a reduction of sentence on these bases.

**2. "Rule 36(A)"**

In addition to Rule 35(A), Hubbard cites Rule 36(A) as a basis for relief in his motion. Def.'s Mot. at 1. Hubbard does not identify which Rule 36(A) he refers to, but he argues that the rule "allows parties to bring pertinent, newly discovered authorities to the court[']s attention after their briefs have been filed and arguments made, as long as the court[']s decision is still pending." Id. Rule 36 of the Federal Rules of Criminal Procedure pertains to correcting clerical errors in the record, or errors resulting from "oversight or omission." Hubbard makes no specific arguments in this respect, and an alleged failure to consider mental illness during sentencing is not a clerical error or oversight. See United States v. Yakle, 463 F.3d 810, 811

4

(8th Cir. 2006). As a result, Rule 36 of the Federal Rules of Criminal Procedure affords Hubbard no relief.

Two other possibilities exist. First, the Government notes that Hubbard's cited language mirrors Rule 36A of the Rules of Practice and Procedure for the United States Court of Appeals for the Armed Forces, which regards citations to supplemental authorities. Second, the cited language also mirrors that found in Rule 28(j) of the Federal Rules of Appellate Procedure. Neither rule applies to this motion because Hubbard is not filing an appeal before either appellate court. See U.S. Ct. App. Armed Forces R. 4; Fed. R. App. P. 1.

### 3. 28 U.S.C. § 2255

As the Government anticipates, a liberal reading of the motion also warrants consideration of 28 U.S.C. § 2255, which allows a defendant to collaterally challenge a sentence for constitutional, jurisdictional, or other legal defects. To establish a viable § 2255 claim by reason of mental health, Hubbard must demonstrate that he was mentally incompetent to stand trial, as the "presence of a mental illness does not equate with incompetency . . . ." United States v. Cook, 356 F.3d 913, 918 (8th Cir. 2004) (quotation omitted).

As a threshold matter, the Government is correct that Hubbard's potential § 2255 claim is barred by the statute of limitations. Section 2255(f) applies a one-year statute of limitations for all motions, which begins running from the latest of four events:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively

applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Only the fourth event could potentially create a viable statute of limitations period for Hubbard's motion. However, Hubbard admits that he was diagnosed with bipolar disorder and paranoid schizophrenia <u>before</u> he was sentenced on November 20, 2009. Def.'s Mot. at 2. Neither Hubbard nor his attorney raised this diagnosis at the sentencing hearing, and over three years have since passed. As a result, § 2255(f) bars Hubbard from now raising a collateral attack against his sentence based on competence.

Tolling the statute of limitations is also inappropriate because Hubbard has not credibly demonstrated any "extraordinary circumstances," nor has he shown how the Government "lulled" him into inaction. <u>See</u> <u>United States v. Hernandez</u>, 436 F.3d 851, 858 (8th Cir. 2006). Again, Hubbard knew his mental health diagnosis before his sentencing several years ago. But at his sentencing, Hubbard spoke only regarding what he saw as flaws in the presentation of evidence at trial. Sentencing Tr. 9-14. Given Hubbard's own contentions—and Judge Rosenbaum's determination that Hubbard lacks credibility—no tolling is appropriate.

Even if Hubbard's potential § 2255 claim survived the statute of limitations, the record does not support a showing of incompetence. The record indicates that Hubbard did not raise the issue of his mental health at any point during his pretrial proceedings, during trial, or even after he claims he was diagnosed. Similarly, the record does not reflect any bizarre or symptomatic behavior, or observations of any mental difficulty on Hubbard's part during trial or at the sentencing hearing. Also, Hubbard did not raise the issue of his mental health on appeal. <u>See</u> <u>Hubbard</u>, 638 F.3d at 869. In short, nothing in the record suggests Hubbard's incompetence to

stand trial.  See, e.g., Wheeler v. United States, 340 F.2d 119, 120-21 (8th Cir. 1965) (affirming denial of § 2255 motion under analogous circumstances).

**B. Request For Counsel**

Hubbard concludes his motion with a request for the appointment of counsel, stating that he is indigent and does not have the knowledge or resources to hire his own counsel for assistance in this matter.  Def.'s Mot. at 2.  The United States Supreme Court has held that "the Sixth Amendment right to counsel does not extend beyond the first appeal."  United States v. Harris, 568 F.3d 666, 668 (8th Cir. 2009) (citing Coleman v. Thompson, 501 U.S. 722, 756 (1991)).  The Eighth Circuit has also specifically held that there is no right to counsel for motions brought under 18 U.S.C. § 3582(c) or 28 U.S.C. § 2255.  Id. (addressing § 3582); see also Baker v. United States, 334 F.2d 444, 447-48 (8th Cir. 1964) (holding appointment of counsel for § 2255 motions is within discretion of district court).

As discussed above, Hubbard has not demonstrated a legally viable basis for a reduction in sentence.  See United States v. Borrero, No. 08-1160, 2009 WL 2005221, at *2 (D. Minn. July 8, 2009) (denying request for substitute counsel for § 3582(c) motion because motion was "not well founded").  Hubbard's request for the appointment of counsel is denied.

## IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Motion for Rule 35(A) Advanced Query Correction or Modification of Sentence Because of Medical Reasons, Rule 36(A) [Docket No. 111] is **DENIED**.

BY THE COURT:


    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: December 21, 2012.